1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

William L. Schmidt, SBN 206870
Email: legal.schmidt@gmail.com
Jeffrey W. Eisinger, SBN 109299
Email: legal.schmidt.jeff@gmail.com
**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
P.O. Box 25001
Fresno, CA 93729
Tel: 559.261.2222

Eric H. Schweitzer, SBN 179776
Email: lawyerericisin@yahoo.com
Annie L. Davidian, SBN 252644
Email: annied7@hotmail.com
**SCHWEITZER & DAVIDIAN**
620 DeWitt Avenue, #102
Clovis, CA 93612
Tel: 559.322.1500

Attorneys for Plaintiff PHENG YANG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PHENG YANG
          Plaintiff,          V.

Tulare County Sheriff MIKE
BOUDREAUX in his Official Capacity,
Tulare County Deputy Sheriff MATTHEW
WILLIAMS in his Individual Capacity,
Tulare County Deputy Sheriff
HERNANDEZ in his Individual Capacity,
Tulare County Deputy Sheriff
VERENZUELA in his Individual Capacity,
Tulare County Deputy Sheriff
HENDERSON in his Individual Capacity,
Tulare County Deputy Sheriff PUGH in his
Individual Capacity, Tulare County Deputy
Sheriff HOOD in his Individual Capacity,
TULARE COUNTY, and DOES 1-15,
inclusive,

          Defendants.

No. _____

**COMPLAINT FOR DAMAGES**

**1. 4th & 14thAmendments (Search & Seizure)**
**2. 14th Amendment (Denial of Equal Protection)**
**3. Conspiracy to Deny Equal Protection**
**4. Malicious Prosecution (4th & 14th Amendments)**
**5. Municipal Liability for Unconstitutional Custom, Practice, or Policy; Failure to Train and Supervisory Liability (*Monell*)**
**6. Violation of Bane & Ralph Acts**
**7. False Arrest**
**8. Defamation**
**9. Conversion**
**10. Negligence**
**11. Intentional Infliction of Emotional Distress**
**12. Negligent Infliction of Emotional Distress**
**13. 2nd Amendment Violation (Right to Bear Arms)**

**Demand for Jury Trial**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

This lawsuit seeks to recover damages pursuant to the 4th and 14th Amendments to the U.S. Constitution, federal civil rights laws, and the laws of the State of California for the violation of the rights of Plaintiff PHENG YANG ("YANG") by employees of the Tulare County Sheriff's Office ("TCSO"), and the Sheriff.

**JURISDICTION**

1. This Complaint asserts causes of action arising under the U.S. Constitution, federal law, and the laws of the State of California. Pursuant to 42 U.S.C. §1983, the Plaintiffs allege causes of action for the violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. These claims, along with the multiple state law claims, arise from a series of events that began on January 22, 2020.

2. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331 and §1343. The state law claims derive from the same nucleus of operative facts and are part of the same case or controversy under Article III of the U.S. Constitution. The Court may exercise supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**VENUE**

3. The acts and omissions giving rise to the Plaintiff's claims occurred in Tulare County, within the Eastern District of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

**THE PARTIES**

4. The Plaintiff was, at all relevant times, a resident of Tulare County in the State of

2

California.

5. The TCSO is a department within Defendant TULARE COUNTY ("TULARE"), an entity of the State of California. Defendant MIKE BOUDREAUX ("BOUDREAUX") was, at all relevant times, the Sheriff of TULARE.

6. Defendants Deputy MATTHEW WILLIAMS ("WILLIAMS"), Deputy HERNANDEZ ("HERNANDEZ"), Deputy VERENZUELA ("VERENZUELA"), Deputy HENDERSON ("HENDERSON"), Deputy PUGH ("PUGH") and Deputy HOOD ("HOOD") were, at all times mentioned, Deputy Sheriffs employed by the TCSO.

7. The true names and identities of Defendants DOES 1 through 5, inclusive, are presently unknown to the Plaintiff. The Plaintiff alleges that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. The Plaintiff alleges that these DOE Defendants were directly involved as law enforcement officers when the incidents alleged herein took place.

8. The true names and identities of Defendants DOES 6 through 10, inclusive, are presently unknown to the Plaintiff. The Plaintiff alleges on information and belief that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. Plaintiff alleges on information and belief that each of these DOE Defendants were, at all times mentioned herein, employees or agents of the TCSO. They were responsible for the supervision, management, training, monitoring, and control of Defendant WILLIAMS and DOES 1 through 5, and acted to deprive the Plaintiff of such supervision, management, training, monitoring, and control, thus resulting in the actions asserted herein and the damages caused.

9. The true names of Defendants 11 through 15, inclusive, are presently unknown to the Plaintiff. The Plaintiff is informed and believes that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. The Plaintiffs allege on

information and belief that each of these DOE Defendants were, at all times mentioned herein,

employees or agents of the TCSO and that they were responsible for the promulgation,

implementation, maintenance, sanctioning, condoning, perpetuation and/or ratification of

policies, procedures, practices, and/or customs, both de facto and explicit, which resulted in the

injuries sustained by the Plaintiff.  These DOE Defendants were also responsible for the

administration of the TCSO and for selecting, hiring, training, and supervising persons working

for and within the TCSO, including all other Defendants herein.

10. The Plaintiff is informed and believes that at all relevant times Defendants

BOUDREAUX, WILLIAMS, and the DOE Defendants were acting under color of law, authority,

customs, and usage of the State of California.  The Plaintiff is further informed and believes that

at all relevant times each and every Defendant, including the DOE Defendants, was the agent,

servant, employee, and/or representative of each and every other Defendant and in doing the

things herein complained of, was acting within the course and scope of said agency, service,

employment, and/or representation, and that each and every Defendant, including DOES, is

jointly and severally liable for all injuries and resulting damages incurred by the Plaintiff.  The

Plaintiff will seek to amend this Complaint when the true names and identities of the DOE

Defendants become known to her.

11. Plaintiff names the DOE Defendants herein, and each of them, because Plaintiff is in

doubt and does not know exactly from which of said Defendants the Plaintiff is entitled to redress

and whether the injuries and damages to Plaintiff herein alleged were caused by the combined

intentional acts or negligence of all Defendants or by the concurrent or successive and separate

intentional acts or negligence of Defendants, and/or one or more of them.  For that reason,

Plaintiff names all of said Defendants in this action and to what extent and what responsibility

falls upon each of said Defendants, and that judgment be awarded to Plaintiff as against such or

all of the Defendants, either jointly or severally, as may be found liable. Plaintiff is further

informed and believes, and thereon alleges, that at all times relevant herein, each Defendant was

completely dominated and controlled by his/her/its co-Defendants and each was the alter-ego of

the other as to the events set forth herein. Defendant TULARE is liable for all wrongful acts

hereinafter committed by any individual Defendant pursuant to §815.2 of the California

Government Code.

### **EXHAUSTION OF REMEDIES/ADMINISTRATIVE CLAIM**

12. The Plaintiff submitted a claim under Government Code §910 on or about July 20,

2020 against Defendants. The claim was rejected on August 6, 2020.

### **INTRODUCTION**

13. On April 4, 2019, the Honorable Roger T. Benitez, Senior United States Judge of the

United States District Court for the Southern District of California issued an Order (Case No. 17-

CV-1017-BEN-JLB). Pursuant to said Order, and 28 U.S.C. §1746, on April 25, 2019, Douglas

Wormald, a Program Manager of the Command Center of the California Department of Justice's

Bureau of Criminal Identification & Investigative Services swore and declared that on April 15,

2019, he notified (amongst other agencies) the TCSO and thereby, BOUDREAUX, that the Order

enjoining enforcement of Penal Code §32310 against YANG and others similarly situated was in

effect until further notice. The Order expressly and without reservation excepted YANG and

others who bought large-capacity magazines between March 29, 2019 at 2:24 p.m. PDT and April

5, 2019 at 5:00 p.m. PDT from arrest or prosecution for violation of California Penal Code

§32310.

14. Having responsibility to receive and act upon the information that Wormald delivered,

Defendant BOUDREAUX acted willfully and indifferently by failing to notify and train

WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES after

obtaining notice that enforcement of Penal Code §32310 for the retention of "Freedom Week"

large capacity magazines had been enjoined as violative of the Constitution of the United States

of America. Defendant BOUDREAUX also acted willfully and indifferently by failing to train or

to discipline WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and

DOES against racially biased and selective enforcement of Penal Code §32310 and in view of

Judge Benitez's Order exempting all citizens, regardless of race, who lawfully acquired large

capacity magazines during "Freedom Week."

15. Defendants TULARE, BOUDREAUX, WILLIAMS, HERNANDEZ,

VERENZUELA, HENDERSON, PUGH, HOOD, and DOES were at all relevant times aware that

many non-minority citizens residing in TULARE had, during "Freedom Week," acquired and

retained large capacity magazines without fear of arrest of prosecution in TULARE. TULARE,

BOUDREAUX, and DOES had a custom and practice of ignoring the "freedom Week"

exemption only where it comes to retention of large capacity magazines by minorities. TULARE,

BOUDREAUX, and DOES thereby established, maintained, encouraged, allowed and/or ratified

a custom, practice or policy wherein Plaintiff was illegally arrested, prosecuted and held up to

public scorn and ridicule for perfectly lawful retention of his large capacity magazines, at least in

part, because of his heritage as a minority.  Pursuant to the custom, practice or policy set forth

above, Plaintiff was subjected to a course of conduct as described below:

A. On or about January 22, 2020, Defendants WILLIAMS, HERNANDEZ,

VERENZUELA, HENDERSON, PUGH, HOOD and DOES of the TCSO, working under

Defendant BOUDREAUX, with help from The California Department of Corrections and

Rehabilitation ("CDCR"), the Tulare County Probation Department ("TCPD") and certain

investigators from the Tulare County District Attorney's Office ("TCDA"), conducted multiple

Parole, Probation, and Sexual Registrants ("PPSR") compliance checks throughout the

communities of Goshen and Ivanhoe.

B. The purpose of the compliance checks was ostensibly to confirm all those checked

were in compliance with their terms of PPSR status.

C. Plaintiff had no criminal convictions.

D. Plaintiff was not on parole, probation, or a registered sex offender.

E. At Plaintiff's home, Defendants WILLIAMS, HERNANDEZ, VERENZUELA,

HENDERSON, PUGH, HOOD, and DOES working under Defendant BOUDREAUX, with help

from the CDCR, located Smith Yang, who is the Plaintiff's brother.

F. Smith Yang indicated that his brother, Plaintiff YANG, owned some firearms.

G. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH,

HOOD, and DOES then engaged in a warrantless general search of the Plaintiff's bedroom,

revealing two large capacity magazines.

H. Subsequently, the Plaintiff arrived on scene.

I. The Plaintiff was questioned about the large capacity magazines by the Defendant

deputies.

J. Plaintiff informed the Defendant deputies that he had acquired the at-issue magazines

during "Freedom Week".

K. Defendant WILLIAMS demanded written proof of the seller's identity / receipt. No

such proof was on hand.

L. With no evidence whatsoever to show that Plaintiff had acquired the two magazines at

any time other than "Freedom Week" or probable cause to believe that Plaintiff was not an

exempted person entitled to possess large capacity magazines by virtue of Judge Benitez's Order,

Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES arrested YANG and booked him into the Tulare County Jail. They did so selectively, at least in part, based upon Plaintiff's race, heritage and association with his brother, also a minority.

M. After Plaintiff's arrest, TULARE, BOUDREAUX, and DOES placed Plaintiff's name publicly on the internet via a media release describing YANG as one of six (6) men who were arrested in a Parole, Probation, and Sex Offender compliance operation exposing Plaintiff to public scorn and reproval.

N. On March 3, 2020, Plaintiff was charged with a 1-Count Felony Complaint alleging a violation of Penal Code §32310(a) filed by the Tulare County District Attorney's Office at the Tulare County Superior Court.

O. On June 25, 2020, Plaintiff's charges were dismissed by Hon. Juliet L. Boccone of the Tulare County Superior Court pursuant to California Penal Code Sections 1382 and 1385.

P. Following the dismissal, the Court granted Plaintiff's motion for a Finding of Factual Innocence pursuant to California Penal Code §851.8.

16. Plaintiff suffered extreme humiliation and embarrassment during the duration of the false imprisonment and its aftermath. As a further result, Plaintiff suffered impairment of reputation, personal humiliation, mental anguish, and suffering during the duration of the false imprisonment and its aftermath up to and including the present time.  Plaintiff further suffered necessary monetary costs for bail and legal expenses in proving his innocence which was done successfully in compliance with California Penal Code §851.8.

## FIRST CAUSE OF ACTION

(42.U.S.C.1983 VIOLATION OF 4th AND 14th AMENDMENTS)

17. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 above.

18. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES conducted a warrantless search of the Plaintiff's bedroom and seized his weapons and ammunition, all without probable cause. When, after being informed that Plaintiff had purchased the large capacity magazines during "Freedom Week", Defendant WILLIAMS with the help and support of Defendants HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES recklessly instigated an arrest of YANG and a wrongful seizure of his weapons without probable cause.  At all relevant times, the Defendant Deputies had been trained by the TCSO and Defendant BOUDREAUX, who had promulgated a reckless standard of training and evaluation.

19. At all relevant times, Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES were under the supervision of Defendant BOUDREAUX. The Defendants violated Plaintiff's right to be free of unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution in violation of his civil rights.

20. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

21. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**

**(DENIAL OF EQUAL PROTECTION)**

22. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 21 above.

23. BOUDREAUX promulgated certain customs and practices under color of law which violated Plaintiff's right to his privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.  These customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons within TULARE, particularly minorities, and were the cause of the violations of Plaintiff's rights alleged herein.

24. During all relevant times, TULARE and Defendant BOUDREAUX, established, maintained, encouraged, allowed and/or ratified a custom, practice, or policy of providing inadequate training, supervision, instruction, oversight, and discipline to deputies and other subordinates, including Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiff's constitutional rights based on his race.

25. The above-described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants to the constitutional rights of persons within TULARE, particularly minorities, and were the cause of the violations of Plaintiff's rights as alleged herein.

26. Plaintiff's bedroom was warrantlessly searched and his privacy thereby invaded, his property wrongfully seized, himself arrested without probable cause by Defendants without warrant or order or commitment or any other legal authority of any kind, as Plaintiff had not

committed any crime or public offence, nor was he on any form of probation.

27. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof. As a further proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation and shame, humiliation, and embarrassment in the community. Plaintiff suffered extreme humiliation and embarrassment during the duration of the false imprisonment and its aftermath.  As a further proximate result, Plaintiff suffered severe mental anxiety and distress, as well as a severe nervous disorder of his entire body during the duration of the imprisonment and again, upon being exposed to public scorn and reproval.

28. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

29. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

**THIRD CAUSE OF ACTION**

**(CONSPIRACY TO DEPRIVE PLAINTIFF OF EQUAL PROTECTION OF THE LAW)**

**42 U.S.C. §1985(2) and (3)**

30. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 29 above.

31. Plaintiff specifically alleges and avers that Defendants BOUDREAUX, WILLIAMS,

11

HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES, were invidiously motivated to discriminate against him and others of minority heritage and to selectively ignore the exemption that applied to him because they, and each of them, harbored racial or class-based animus.

32. Plaintiff's bedroom was warrantlessly searched and his privacy thereby invaded, his property seized, himself arrested by Defendants without warrant or order or commitment or any other legal authority of any kind as Plaintiff had not committed any crime or public offence, nor was he on any form of probation.

33. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof.

34. As a further proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation and shame, humiliation, and embarrassment in the community. Plaintiff suffered extreme humiliation and embarrassment during the duration of the false imprisonment and its aftermath.  As a further proximate result, Plaintiff suffered severe mental anxiety and distress, as well as a severe nervous disorder of his entire body during the duration of the imprisonment and again, upon being exposed to public scorn and reproval.

35. As a further proximate result of the imprisonment, Plaintiff has suffered, is suffering and will continue to suffer for the rest of his lifetime from impairment of reputation, personal humiliation, mental anguish, and suffering, which will, in part, cause him future loss of earnings and restrict his opportunities to hold respected and trusted positions in his employment and community.

36. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the

employee's act would subject him or her to liability.

37. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**

**(MALICIOUS  PROSECUTION)**

**(42.U.S.C. §1983 VIOLATION OF 4th, 5th, 6th, AND 14th AMENDMENTS)**

38. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 37 above.

39. BOUDREAUX, WILLIAMS, and DOES brought without probable cause and initiated with malice a criminal action in Tulare County Superior Court Case No. VCF394046. BOUDREAUX, WILLIAMS, and DOES improperly exerted pressure on the Office of the District Attorney in and for the County of Tulare. BOUDREAUX, WILLIAMS, and DOES knowingly provided misinformation to the Office of the District Attorney in and for the County of Tulare, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings against YANG. Defendants BOUDREAUX, WILLIAMS, and DOES did so maliciously and for the purpose of depriving PLAINTIFF of his Second Amendment rights to keep and bear arms, as well as his right to Equal Protection and Due Process of Law.

40. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the

employee's act would subject him or her to liability.

41. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

**FIFTH CAUSE OF ACTION**

**(MONELL CLAIM   42 U.S.C. 1983 – POLICY, PRACTICE, AND CUSTOM)**

42.  Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 41 above.

43. TULARE, BOUDREAUX and DOES have, promulgated certain customs and practices under color of law which violated Plaintiff's right to his privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

44. The above-described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons within the TULARE, particularly minorities, and were the cause of the violations of PLAINTIFF's rights alleged herein.

45. During all relevant times, TULARE, BOUDREAUX and DOES established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of providing inadequate training, supervision, instruction, oversight, and discipline to deputies and other subordinates, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiff's constitutional rights.  The above-described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants, and each of them, and

particularly to the constitutional rights of persons residing within TULARE, particularly

minorities, and were the cause of the violations of Plaintiff's rights as alleged herein.

46. Plaintiff's bedroom was warrantlessly searched and his privacy thereby invaded, his

property seized, himself arrested by Defendants without warrant or order or commitment or any

other legal authority of any kind as Plaintiff had not committed any crime or public offence, nor

was he on any form of probation.

47. As a proximate result of the acts of Defendants, and each of them, as herein alleged,

Plaintiff was compelled to expend money all to his damage in an amount according to proof.

As a further proximate result of the acts of Defendants, and each of them, Plaintiff has suffered

damage to his reputation and shame, humiliation, and embarrassment in the community.

Plaintiff further suffered extreme humiliation and embarrassment during the duration of the false

imprisonment and its aftermath.

48. As a further proximate result, Plaintiff suffered severe mental anxiety and distress, as

well as a severe nervous disorder of his entire body during the duration of the imprisonment, and

upon being exposed to public scorn and reproval.

49. As a further proximate result of the imprisonment, Plaintiff has suffered, is suffering

and will continue to suffer for the rest of his lifetime from impairment of reputation, personal

humiliation, mental anguish, and suffering, which will, in part, cause him future loss of earnings

and restrict his opportunities to hold respected and trusted positions in his employment and

community.

50. Defendant TULARE is vicariously liable for the wrongful acts of its employees

pursuant to §815.2 of the California Government Code, which provides that a public entity is

liable for the injuries caused by its employees within the scope of the employment if the

employee's act would subject him or her to liability.

51. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF BANE & RALPH ACTS (Cal. Civ. Code §52.1 & 51.7)

52. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 51 above.

53. Plaintiff specifically alleges and avers that by seizing his property and arresting him without any probable cause and forcing him thereby to suffer not only the seizure of his lawfully possessed large capacity magazines, but also of his person, Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES prevented Plaintiff from doing something that he had the right to do under the law. By placing Plaintiff under arrest by means of official compulsion and under color of authority, said Defendants threatened Plaintiff with violence if he were to resist. This conduct was inexorably motivated by bias against Plaintiff's race, heritage, and familial association with Smith Yang, another minority member. This conduct was a substantial factor in the harms that Plaintiff suffered and continues to suffer.

54. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

55. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of

compensatory damages, including general and special damages, as well as exemplary and punitive damages.

### SEVENTH CAUSE OF ACTION

### (FALSE ARREST)

56. Plaintiff repeats and realleges each and every allegation in paragraphs 1-55, inclusive, as though fully set forth at this point.

57. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES arrested the Plaintiff without a warrant or any probable cause whatsoever.  As a result of being falsely arrested, the Plaintiff was incarcerated against his will, thus suffering significant harm.

58. BOUDREAUX, WILLIAMS, and DOES brought without probable cause and initiated with malice a criminal action in Tulare County Superior Court Case No. VCF394046. BOUDREAUX, WILLIAMS, and DOES improperly exerted pressure on the Office of the District Attorney in and for TULARE. BOUDREAUX, WILLIAMS, and DOES knowingly provided misinformation to the Office of the District Attorney in and for TULARE, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings against YANG.  The actions of the Defendants were a substantial factor in the harm suffered by the Plaintiff.

59. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

60. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished

17

with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

### EIGHTH CAUSE OF ACTION

### (DEFAMATION)

61. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 60 above.

62. Defendants TULARE, BOUDREAUX, and DOES placed Plaintiff's name on the internet via a media release describing him as one of six men who were arrested in a Parole, Probation, and Sex Offender compliance operation, thus exposing him to public scorn, reproval, and great embarrassment.

63. People in the general public reading the media release would have reasonably understood that the statements were about the Plaintiff.  People in the general public reading the media release would have reasonably understood it to mean that the Plaintiff had committed a crime, was on probation or parole, and/or was likely to be a sex offender.

64. The Defendants failed to use reasonable care to determine the truth or falsity of the statements.

65. As a result of the Defendants' actions, the Plaintiff's reputation has been harmed and he has experienced shame, mortification, and hurt feelings.

66. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

## NINTH CAUSE OF ACTION

### (CONVERSION)

68. Plaintiff repeats and realleges each and every allegation in paragraphs 1-67, inclusive, as though fully set forth at this point.

69. The Plaintiff had a right to possess various weapons and ammunition.  Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES knowingly, intentionally, and substantially interfered with the Plaintiff's ownership of his weapons and ammunition by taking possession of them, preventing the Plaintiff from having access to them, and refusing to return them to the Plaintiff.  Further, the Plaintiff did not consent to this deprivation of his property.

70.  The Plaintiff was harmed by the taking of his weapons and ammunition, by being less able and prepared to defend and protect himself and his family, as was his right under the laws of the United States and the State of California.  The Defendants by their actions were a substantial factor in causing the harm experienced by the Plaintiff.

71. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

# TENTH CAUSE OF ACTION

## (NEGLIGENCE)

72. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 71 above.

73. The Defendants and each of them negligently and recklessly breached their duty to use reasonable and ordinary care in committing the actions and inactions alleged herein.  All of these negligent acts directly and proximately resulted in the injuries and damages to YANG in the following ways:

a) The unwarranted invasion of his privacy, seizure of his property, arrest, public humiliation, and necessary expenses related thereto; and

b) The failure by Defendants TULARE, BOUDREAUX and DOES to properly hire, train, and supervise its employees.

c) The actions of TULARE, BOUDREAUX and DOES to promulgate and perpetuate policies, both de facto and explicit, which resulted in the injuries sustained by the Plaintiff.

74. As alleged herein, the harm to the Plaintiff was a proximate result of the absence of due care for the rights of others and was done in a reckless, unlawful, and/or negligent manner, and was without legal or just cause.  The Defendants, either individually, or by and through their respective agents and employees, directly and proximately caused pain, shock, suffering, and humiliation, and financial harm to the Plaintiff.

75. As an actual, direct, and proximate result of the Defendants' negligence, YANG was needlessly and avoidably injured.

76.  The Plaintiff claims damages from the Defendants for all his injuries and losses already sustained and into the future.

77. In addition to liability for its own negligence, Defendant TULARE is vicariously

liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

## ELEVENTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

78. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 77 above.

79. The conduct of the Defendants and each of them in committing the actions set forth herein was outrageous and done with the intention of causing the emotional distress that the Plaintiff did in fact experience, or with reckless disregard for the probability that the Plaintiff would suffer emotional distress.

80. The Plaintiff did in fact suffer emotional distress from the actions of the Defendants including the invasion of his privacy, the wrongful seizure and conversion of his property, his arrest, the defamation of his character, his incarceration, and the need to defend himself in court.

81. The Defendants' conduct was a substantial factor in causing the Plaintiff's severe suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame beyond what an ordinary person would be able to cope with.

82. In addition to liability for its own negligence, Defendant TULARE is vicariously liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TWELVTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

83. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 82 above.

84. The conduct of the Defendants and each of them was negligent and was a substantial factor in causing the Plaintiff serious emotional distress which included suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

85. In addition to liability for its own negligence, Defendant TULARE is vicariously liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

**THIRTEENTH CAUSE OF ACTION**

**(2ND AMENDMENT VIOLATION – RIGHT TO KEEP AND BEAR ARMS)**

86. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 85 above.

87. By seizing Plaintiff's weapons and ammunition without probable cause to believe that he had committed a crime, wrongfully retaining said weapons and ammunition, arresting and incarcerating the Plaintiff, and compelling him to expend time and resources to defend himself from criminal charges wrongfully brought against him, the Defendants and each of them infringed on the Plaintiff's rights.

88. As a law-abiding, responsible adult who possessed weapons and ammunition for

22

lawful purposes, the Plaintiff was entitled to keep and bear arms as guaranteed by the Second Amendment to the U.S. Constitution, as made applicable to California by the Fourteenth Amendment.

89. The Plaintiff was harmed by the taking of his weapons and ammunition, by being less able and prepared to defend and protect himself and his family, as was his right under the laws of the United States and the State of California.  The Defendants by their actions were a substantial factor in causing the harm experienced by the Plaintiff.

90. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court:

1. Award PLAINTIFF compensatory damages, including general and special damages, against Defendants, jointly and severally, for violations of federal and state law as set forth above in an amount to be proven at trial;

2. For punitive damages against all Defendants in an amount to be proven at trial sufficient to punish and deter;

2. Award Plaintiff his costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. §1988, or any other applicable statute, regulation, ordinance, or other law;

23

3. For costs of suit;

4. For pre-judgment interest according to law; and

5. And award such other and further relief as the court may deem just and proper.

**WILLLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**

Dated: February 4, 2021

/s/William L. Schmidt

William L. Schmidt,

Attorney for Plaintiff

**SCHWEITZER & DAVIDIAN**

Dated: February 4, 2021

/s/Eric H. Schweitzer

Eric H. Schweitzer,

Attorney for Plaintiff