William L. Schmidt, SBN 206870
Email: legal.schmidt@gmail.com
Jeffrey W. Eisinger, SBN 109299
Email: legal.schmidt.jeff@gmail.com
**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
P.O. Box 25001
Fresno, CA 93729
Tel: 559.261.2222

Eric H. Schweitzer, SBN 179776
Email: lawyerericisin@yahoo.com
Annie L. Davidian, SBN 252644
Email: annied7@hotmail.com
**SCHWEITZER & DAVIDIAN**
620 DeWitt Avenue, #102
Clovis, CA 93612
Tel: 559.322.1500

Attorneys for Plaintiff PHENG YANG

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHENG YANG<br>            Plaintiff,            V.<br><br>Sheriff MIKE BOUDREAUX, individually and in his Official Capacity; MATTHEW WILLIAMS, an individual; Deputy Sheriff HERNANDEZ in his Individual Capacity; Deputy Sheriff VERENZUELA in his Individual Capacity; Deputy Sheriff HENDERSON, in his Individual Capacity; Deputy Sheriff PUGH in his Individual Capacity; Deputy Sheriff HOOD in his Individual Capacity; TULARE COUNTY, a municipal corporation, and DOES 1-15, inclusive,<br><br>            Defendants. | No. 1:12-cv-00148-NONE-BAM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>   **1.  Amendments IV, XIV Violation (42 U.S.C. § 1983)**<br>   **2.  Amendment II Violation**<br>   **3.  Denial of Equal Protection (Amend. XIV.)**<br>   **4. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)**<br>   **5. Municipal Liability (*Monell*)**<br>   **6. Violation of Bane & Ralph Acts**<br>   **7. False Arrest**<br>   **8. Conversion**<br>   **9. Negligence**<br>   **10. Intentional Infliction of Emotional Distress**<br>   **11. & Negligent Infliction of Emotional Distress**<br><br>**Demand for Jury Trial** |

1

1

**INTRODUCTION**

2  This lawsuit seeks to recover damages for violations of the Second, Fourth and

3 Fourteenth Amendments to the U.S. Constitution, federal civil rights laws, and the

4 laws of the State of California by employees of the Tulare County Sheriff's Office

5 ("TCSO"), and the Sheriff, with respect to Plaintiff PHENG YANG ("YANG")

6

**JURISDICTION**

7  1. This Complaint asserts causes of action arising under the U.S.

8 Constitution, federal law, and the laws of the State of California. Pursuant to 42

9 U.S.C. §1983, the Plaintiffs allege causes of action for the violation of the Fourth and

10 Fourteenth Amendments to the U.S. Constitution. These claims, along with the

11 multiple state law claims, arise from a series of events that began on January 22,

12 2020.

13  2. This Court has subject matter jurisdiction over the federal law claims

14 pursuant to 28 U.S.C. §1331 and §1343. The state law claims derive from the same

15 nucleus of operative facts and are part of the same case or controversy under Article

16 III of the U.S. Constitution. The Court may exercise supplemental jurisdiction over

17 the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

18

**VENUE**

19  3. The acts and omissions giving rise to the Plaintiff's claims occurred in

20 Tulare County, within the Eastern District of California. Venue is proper in this

21 judicial district pursuant to 28 U.S.C. §1391.

22

**THE PARTIES**

23  4. The Plaintiff was, at all relevant times, a male over the age of 18 years, a

24 resident of Tulare County in the State of California, and of Asian descent.

25  5. The TCSO is a department within Defendant TULARE COUNTY

26 ("TULARE"), a California municipal corporation.  Defendant MIKE BOUDREAUX

27 ("BOUDREAUX") was, at all relevant times, the elected Sheriff-Coroner of TULARE,

28 acting under the color of law and in the course and scope of his employment, is also

2

invested with final policy-making authority with respect to municipal law-enforcement policies, including criminal investigations, of Defendant TULARE.

6. Defendants Deputy MATTHEW WILLIAMS ("WILLIAMS"), Deputy HERNANDEZ ("HERNANDEZ"), Deputy VERENZUELA ("VERENZUELA"), Deputy HENDERSON ("HENDERSON"), Deputy PUGH ("PUGH") and Deputy HOOD ("HOOD") were, at all times mentioned, Deputy Sheriffs employed by the TCSO and, on information and belief, residents of TULARE, acting under color of law and with the course and scope of their employment.

7. The true names and identities of Defendants DOES 1 through 5, inclusive, are presently unknown to the Plaintiff.  The Plaintiff alleges that each of these DOE Defendants were in some manner responsible for and caused the acts and injuries alleged herein.  The Plaintiff alleges that these DOE Defendants were directly involved as law enforcement officers when the incidents alleged herein took place, acting under color of law and in the course and scope of their employment.

8. The true names and identities of Defendants DOES 6 through 10, inclusive, are presently unknown to the Plaintiff.  The Plaintiff alleges on information and belief that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein.  Plaintiff alleges on information and belief that each of these DOE Defendants were, at all times mentioned herein, employees or agents of the TCSO. They, along with, and at the direction of, or through delegation of authority by Defendant BOUDREAUX, were responsible for the supervision, management, training, monitoring, and control of Defendant WILLIAMS and DOES 1 through 5, and acted so as to deprive the Plaintiff of the benefits of such supervision, management, training, monitoring, and control, thus resulting in the actions asserted herein and the damages caused.  At all relevant times, DOES 6 through 10 were acting under the color of law and in the course and scope of their employment with the COUNTY OF TULARE, State of California.

9. The true names of Defendants DOES 11 through 15, inclusive, are

3

presently unknown to the Plaintiff.  The Plaintiff is informed and believes that each

of these DOE Defendants were responsible for and caused the acts and injuries

alleged herein.  The Plaintiffs allege on information and belief that each of these

DOE Defendants were, at all times mentioned herein, employees or agents of the

TCSO and that they, in concert with or by direction of BOUDREAUX, were

responsible for the promulgation, implementation, maintenance, sanctioning,

condoning, perpetuation and/or ratification of policies, procedures, practices, and/or

customs, both *de facto* and explicit, which resulted in the injuries sustained by the

Plaintiff.  These DOE Defendants, together with, or at the direction of

BOUDREAUX, were also responsible for the administration of the TCSO and for

selecting, hiring, training, and supervising persons working for and within the

TCSO, including all other Defendants herein.   DOES 11 through 15 were, at all

times relevant, acting under the color of law and in the course and scope of their

employment with the COUNTY OF TULARE, State of California.

     10. The Plaintiff is informed and believes that at all relevant times

Defendants BOUDREAUX, WILLIAMS, and the DOE Defendants were acting under

color of law, authority, customs, and usage of the State of California.  The Plaintiff is

further informed and believes that at all relevant times each and every Defendant,

including the DOE Defendants, was the agent, servant, employee, and/or

representative of each and every other Defendant and in doing the things herein

complained of, was acting within the course and scope of said agency, service,

employment, and/or representation, and that each and every Defendant, including

DOES, is jointly and severally liable for all injuries and resulting damages incurred

by the Plaintiff.  The Plaintiff will seek to amend this First Amended Complaint

when the true names and identities of the DOE Defendants become known to her.

     11. Plaintiff names the DOE Defendants herein, and each of them, because

Plaintiff is in doubt and does not know exactly from which of said Defendants the

Plaintiff is entitled to redress and whether the injuries and damages to Plaintiff

1 herein alleged were caused by the combined intentional acts or negligence of all

2 Defendants or by the concurrent or successive and separate intentional acts or

3 negligence of Defendants, and/or one or more of them.  For that reason, Plaintiff

4 names all of said Defendants in this action and to what extent and what

5 responsibility falls upon each of said Defendants, and that judgment be awarded to

6 Plaintiff as against such or all of the Defendants, either jointly or severally, as may

7 be found liable.  Plaintiff is further informed and believes, and thereon alleges, that

8 at all times relevant herein, each Defendant was completely dominated and

9 controlled by his/her/its co-Defendants and each was the alter-ego of the other as to

10 the events set forth herein.  Defendant TULARE is liable for all wrongful acts

11 hereinafter committed by any individual Defendant pursuant to §815.2 of the

12 California Government Code.

13 **EXHAUSTION OF REMEDIES/ADMINISTRATIVE CLAIM**

14 12. The Plaintiff submitted a claim under Government Code §910 on or about

15 July 20, 2020 against Defendants. The claim was rejected on August 6, 2020.

16 **FACTS**

17 13. On April 4, 2019, the Honorable Roger T. Benitez, Senior United States

18 Judge of the United States District Court for the Southern District of California

19 issued an Order (Case No. 17-CV-1017-BEN-JLB).  Pursuant to said Order, and 28

20 U.S.C. §1746, on April 25, 2019, Douglas Wormald, a Program Manager of the

21 Command Center of the California Department of Justice's Bureau of Criminal

22 Identification & Investigative Services swore and declared that on April 15, 2019, he

23 notified (amongst other agencies) the TCSO and thereby, BOUDREAUX, that the

24 Order enjoining enforcement of Penal Code §32310 against YANG and others

25 similarly situated was in effect until further notice. The Order expressly and without

26 reservation excepted YANG and others who bought large-capacity magazines

27 between March 29, 2019 at 2:24 p.m. PDT and April 5, 2019 at 5:00 p.m. PDT from

28 arrest or prosecution for violation of California Penal Code §32310.

14. Having responsibility to receive and act upon the information that Wormald delivered, Defendant BOUDREAUX and DOES 6 - 10 acted willfully and indifferently by failing to notify and train WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES after obtaining notice that enforcement of Penal Code §32310 for the retention of "Freedom Week" large capacity magazines had been enjoined as violative of the Constitution of the United States of America. Defendant BOUDREAUX also acted willfully and indifferently by failing to train or to discipline WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES against racially biased and selective enforcement of Penal Code §32310 and in view of Judge Benitez's Order exempting all citizens, regardless of race, who lawfully acquired large capacity magazines during "Freedom Week."

15. Defendants TULARE, BOUDREAUX, WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES were at all relevant times aware that many non-minority citizens residing in TULARE had, during "Freedom Week," acquired and retained large capacity magazines without fear of arrest of prosecution in TULARE. TULARE, BOUDREAUX, and DOES had a custom and practice of ignoring the "Freedom Week" exemption only where it comes to retention of large capacity magazines by minorities, including Plaintiff, an Asian-American. TULARE, BOUDREAUX, and DOES thereby established, maintained, encouraged, allowed and/or ratified a custom, practice or policy wherein Plaintiff was illegally arrested, prosecuted and held up to public scorn and ridicule for perfectly lawful retention of his large capacity magazines, at least in part, because of his heritage as a minority.  Pursuant to the custom, practice or policy set forth above, Plaintiff was subjected to a course of conduct as described below:

A. On or about January 22, 2020, Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES of the TCSO, working under Defendant BOUDREAUX, with help from The California Department of

Corrections and Rehabilitation ("CDCR"), the Tulare County Probation Department ("TCPD") and certain investigators from the Tulare County District Attorney's Office ("TCDA"), conducted multiple Parole, Probation, and Sexual Registrants ("PPSR") compliance checks throughout the communities of Goshen and Ivanhoe.

B. The purpose of the compliance checks was ostensibly to confirm all those checked were in compliance with their terms of PPSR status.

C. Plaintiff had no criminal convictions.

D. Plaintiff was not on parole, probation, or a registered sex offender.

E. At Plaintiff's home, Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES working under Defendant BOUDREAUX, with help from the CDCR, located Smith Yang, who is the Plaintiff's brother and co-tenant.

F. In response to questioning by the above-mentioned law enforcement officers, Smith Yang indicated that his brother, Plaintiff YANG, owned some firearms, and that Plaintiff kept them in his (Plaintiff's) bedroom. Smith Yang was neither asked for consent to search Plaintiff Yang's bedroom, nor did Smith Yang give consent for such a search.

G. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES then engaged in a warrantless, general search of the Plaintiff's bedroom, revealing two large capacity magazines.

H. Subsequently, the Plaintiff arrived on scene.

I. The Plaintiff was questioned about the large capacity magazines by the Defendant deputies.

J. Plaintiff informed the Defendant deputies that he had acquired the subject magazines during "Freedom Week".

K. Defendant WILLIAMS demanded written proof of the seller's identity/ and a dated receipt. No such proof was on hand.

L. With no evidence whatsoever to show that Plaintiff had acquired the two

1   magazines at any time other than "Freedom Week," or probable cause to believe that

2   Plaintiff was not an exempted person entitled to possess large capacity magazines by

3   virtue of Judge Benitez's Order, Defendants WILLIAMS, HERNANDEZ,

4   VERENZUELA, HENDERSON, PUGH, HOOD, and DOES arrested YANG and

5   booked him into the Tulare County Jail. They did so selectively, at least in part,

6   based upon Plaintiff's race, heritage and association with his brother, also a

7   minority.

8        M. After Plaintiff's arrest, TULARE, BOUDREAUX, and DOES placed

9   Plaintiff's name publicly on the internet via a media release describing YANG as one

10  of six (6) men who were arrested in a Parole, Probation, and Sex Offender

11  compliance operation exposing Plaintiff to public scorn and reproval.

12       N. On March 3, 2020, Plaintiff was charged with a 1-Count Felony Complaint

13  alleging a violation of Penal Code §32310(a) filed by the Tulare County District

14  Attorney's Office at the Tulare County Superior Court.

15       O. On June 25, 2020, Plaintiff's charges were dismissed by Hon. Juliet L.

16  Boccone of the Tulare County Superior Court pursuant to California Penal Code

17  Sections 1382 and 1385.

18       P. Following the dismissal, the Court granted Plaintiff's motion for a Finding

19  of Factual Innocence pursuant to California Penal Code §851.8.

20       16. Plaintiff suffered extreme humiliation and embarrassment during the

21  duration of the false imprisonment and its aftermath. As a further result, Plaintiff

22  suffered impairment of reputation, personal humiliation, mental anguish, and

23  suffering during the duration of the false imprisonment and its aftermath up to and

24  including the present time.  Plaintiff further suffered necessary monetary costs for

25  bail and legal expenses in proving his innocence which was done successfully in

26  compliance with California Penal Code §851.8.

27       ////

28       ////

8

**FIRST CAUSE OF ACTION**

**(42.U.S.C.1983 VIOLATION OF AMENDMENTS IV, XIV)**

**(Against All Defendants.)**

17. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 above.

18. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES conducted a warrantless search of the Plaintiff's bedroom and seized his weapons and ammunition, all without probable cause. When, after being informed that Plaintiff had purchased the large capacity magazines during "Freedom Week", Defendant WILLIAMS with the help and support of Defendants HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES recklessly instigated an arrest of YANG and a wrongful seizure of his weapons without probable cause.  At all relevant times, the Defendant Deputies had been trained by the TCSO and Defendant BOUDREAUX, and DOES 6 – 15,who had promulgated a reckless standard of training and evaluation.

19. At all relevant times, Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES were under the supervision of Defendant BOUDREAUX. The Defendants violated Plaintiff's right to be free of unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution in violation of his civil rights.

20. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

21. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

**SECOND CAUSE OF ACTION**

**(AMENDMENT II VIOLATION – RIGHT TO KEEP AND BEAR ARMS)**

**(Against All Defendants)**

22. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 21 above.

23. By seizing Plaintiff's weapons and ammunition without probable cause to believe that he had committed a crime, wrongfully retaining said weapons and ammunition, arresting and incarcerating the Plaintiff, and compelling him to expend time and resources to defend himself from criminal charges wrongfully brought against him, the Defendants and each of them infringed on the Plaintiff's rights.

24. As a law-abiding, responsible adult who possessed weapons and ammunition for lawful purposes, the Plaintiff was entitled to keep and bear arms as guaranteed by the Second Amendment to the U.S. Constitution, as made applicable to California by the Fourteenth Amendment.

25. The Plaintiff was harmed by the taking of his weapons and ammunition, by being less able and prepared to defend and protect himself and his family, as was his right under the laws of the United States and the State of California.  The Defendants by their actions were a substantial factor in causing the harm experienced by the Plaintiff.

26. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

27. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**(DENIAL OF EQUAL PROTECTION)**

28. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 27 above.

29. BOUDREAUX promulgated certain customs and practices under color of law which violated Plaintiff's right to his privileges and immunities secured by the United States Constitution, including the right to be from unreasonable searches and seizures, and the right to bear and keep arms, in violation of Section 1983 of Title 42 of the United States Code.  These customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons within TULARE, particularly minorities, and were the cause of the violations of Plaintiff's rights alleged herein.

30. During all relevant times, TULARE and Defendant BOUDREAUX, established, maintained, encouraged, allowed and/or ratified a custom, practice, or policy of providing inadequate training, supervision, instruction, oversight, and discipline to deputies and other subordinates, including Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD and DOES, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiff's constitutional rights based on his race.

31. The above-described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants to the constitutional rights of persons within TULARE, particularly minorities, and were the cause of the violations of Plaintiff's rights as alleged herein.

32. Plaintiff's bedroom was warrantlessly searched and his privacy thereby invaded, his property, including lawfully purchased, owned and maintained firearms and associated equipment, wrongfully seized, himself arrested without probable cause by Defendants without warrant or order or commitment or any other legal authority of any kind, as Plaintiff had not committed any crime or public offence, nor

11

was he on any form of parole, probation, or <u>valid</u> statutory proscription against the possession of firearms, magazines and related equipment.

33. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof. As a further proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation and shame, humiliation, and embarrassment in the community. Plaintiff suffered extreme humiliation and embarrassment during the duration of the false imprisonment and its aftermath.  As a further proximate result, Plaintiff suffered severe mental anxiety and distress, as well as a severe nervous disorder of his entire body during the duration of the imprisonment and again, upon being exposed to public scorn and reproval.

34. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

35. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

## **FOURTH CAUSE OF ACTION**

**(CONSPIRACY TO DEPRIVE PLAINTIFF OF CIVIL RIGHTS; 42 U.S.C. §1985(2) and (3).)**

**(Against All Defendants.)**

36. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 35 above.

37. Plaintiff specifically alleges and avers that Defendants BOUDREAUX, WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and

12

DOES, were invidiously motivated to discriminate against him and others of Asian minority heritage and to selectively ignore and disregard the Fourth/Fourteenth Amendment protections, and the "Freedom Week" exemption, that applied to him because they, and each of them, harbored racial or class-based animus.

38. Plaintiff's bedroom was warrantlessly searched and his privacy thereby invaded, his property seized, himself arrested by Defendants without warrant or order or commitment or any other legal authority of any kind as Plaintiff had not committed any crime or public offence, nor was he on any form of supervised release.

39. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof.

40. As a further proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation and shame, humiliation, and embarrassment in the community. Plaintiff suffered extreme humiliation and embarrassment during the duration of the false imprisonment and its aftermath.  As a further proximate result, Plaintiff suffered severe mental anxiety and distress, as well as a severe nervous disorder of his entire body during the duration of the imprisonment and again, upon being exposed to public scorn and reproval.

41. As a further proximate result of the imprisonment, Plaintiff has suffered, is suffering and will continue to suffer for the rest of his lifetime from impairment of reputation, personal humiliation, mental anguish, and suffering, which will, in part, cause him future loss of earnings and restrict his opportunities to hold respected and trusted positions in his employment and community.

42. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

43. The conduct of the Defendants was malicious, wanton, oppressive, and

13

1    accomplished with a conscious disregard for the rights of YANG, thereby entitling

2    Plaintiff to an award of compensatory damages, including general and special

3    damages, as well as exemplary and punitive damages.

4                    **FIFTH CAUSE OF ACTION**

5    **(MONELL CLAIM   42 U.S.C. 1983 – POLICY, PRACTICE, AND CUSTOM)**

6                         **(Against TULARE.)**

7        44.  Plaintiff realleges and incorporates herein by reference the allegations in

8    paragraphs 1 through 43 above.

9        45. TULARE, BOUDREAUX and DOES have, promulgated certain customs

10   and practices under color of law which violated Plaintiff's right to his privileges and

11   immunities secured by the United States Constitution in violation of Section 1983 of

12   Title 42 of the United States Code.

13       46. The above-described customs, practices and policies demonstrate a

14   deliberate indifference on the part of the Defendants, and each of them, to the

15   constitutional rights of persons within the TULARE, particularly minorities, and

16   were the cause of the violations of PLAINTIFF's rights alleged herein.

17       47. During all relevant times, TULARE, BOUDREAUX and DOES

18   established, maintained, encouraged, allowed and/or ratified a custom, practice or

19   policy of providing inadequate training, supervision, instruction, oversight, and

20   discipline to deputies and other subordinates, thereby failing to adequately

21   discourage constitutional violations and tacitly agreeing to violate Plaintiff's

22   constitutional rights.  The above-described customs, practices and policies

23   demonstrate a deliberate indifference on the part of Defendants, and each of them,

24   and particularly to the constitutional rights of persons residing within TULARE,

25   particularly minorities, and were the cause of the violations of Plaintiff's rights as

26   alleged herein. BOUDREAUX and DOES 6-15, and each of them, were aware of, and

27   approved, the on-the-ground deprivations of constitutional rights of Plaintiff, and

28   others similarly situated, by WILLIAMS, HERNANDEZ, VERENZUELA,

                                    14

1    HENDERSON, PUGH, HOOD, and DOES 1 – 5.

2         48. Plaintiff's bedroom was warrantlessly searched and his privacy thereby

3    invaded, his property, including the aforesaid firearms he was entitled to keep and

4    bear, was seized, and himself arrested by Defendants without warrant or order or

5    commitment or any other legal authority of any kind as Plaintiff had not committed

6    any crime or public offence, nor was he on any form of probation.

7         49. As a proximate result of the acts of Defendants, and each of them, as

8    herein alleged, Plaintiff was compelled to expend money all to his damage in an

9    amount according to proof. As a further proximate result of the acts of Defendants,

10   and each of them, Plaintiff has suffered damage to his reputation and shame,

11   humiliation, and embarrassment in the community.

12   Plaintiff further suffered extreme humiliation and embarrassment during the

13   duration of the false imprisonment and its aftermath.

14        50. As a further proximate result, Plaintiff suffered severe mental anxiety and

15   distress, as well as a severe nervous disorder of his entire body during the duration

16   of the imprisonment, and upon being exposed to public scorn and reproval.

17        51. As a further proximate result of the imprisonment, Plaintiff has suffered,

18   is suffering and will continue to suffer for the rest of his lifetime from impairment of

19   reputation, personal humiliation, mental anguish, and suffering, which will, in part,

20   cause him future loss of earnings and restrict his opportunities to hold respected and

21   trusted positions in his employment and community.

22        52. Defendant TULARE is vicariously liable for the wrongful acts of its

23   employees pursuant to §815.2 of the California Government Code, which provides

24   that a public entity is liable for the injuries caused by its employees within the scope

25   of the employment if the employee's act would subject him or her to liability.

26        53. The conduct of the Defendants was malicious, wanton, oppressive, and

27   accomplished with a conscious disregard for the rights of YANG, thereby entitling

28   Plaintiff to an award of compensatory damages, including general and special

damages, as well as exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF BANE & RALPH ACTS (Cal. Civ. Code §52.1 & 51.7)

54. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 53 above.

55. Plaintiff specifically alleges and avers that by seizing his property and arresting him without any probable cause and forcing him thereby to suffer not only the seizure of his lawfully possessed large capacity magazines, but also of his person, Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES prevented Plaintiff from doing something that he had the right to do under the law. By placing Plaintiff under arrest by means of official compulsion and under color of authority, said Defendants threatened Plaintiff with violence if he were to resist. This conduct was inexorably motivated by bias against Plaintiff's race, heritage, and familial association with Smith Yang, another minority member. This conduct was a substantial factor in the harms that Plaintiff suffered and continues to suffer.

56. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

57. The conduct of the Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of YANG, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### (FALSE ARREST)

### (Against All Defendants.)

58. Plaintiff repeats and realleges each and every allegation in paragraphs 1-

16

1    57, inclusive, as though fully set forth at this point.

2        59. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON,

3    PUGH, HOOD, and DOES arrested the Plaintiff without a warrant or any probable

4    cause whatsoever.  As a result of being falsely arrested, the Plaintiff was

5    incarcerated against his will, thus suffering significant harm.

6        60. BOUDREAUX, WILLIAMS, and DOES maliciously instigated, without

7    warrant, probable cause, or an exception thereto, the aforesaid arrest of Plaintiff,

8    thereafter created a report and recommendation to the public prosecutor, who in

9    reliance thereon, commenced a criminal action in Tulare County Superior Court

10   Case No. VCF394046. BOUDREAUX, WILLIAMS, and DOES improperly exerted

11   pressure on the Office of the District Attorney in and for TULARE. BOUDREAUX,

12   WILLIAMS, and DOES knowingly provided misinformation to the Office of the

13   District Attorney in and for TULARE, concealed exculpatory evidence, or otherwise

14   engaged in wrongful or bad faith conduct that was actively instrumental in causing

15   the initiation of legal proceedings against YANG.  The actions of the Defendants

16   were a substantial factor in the harm suffered by the Plaintiff.

17       61. Defendant TULARE is vicariously liable for the wrongful acts of its

18   employees pursuant to §815.2 of the California Government Code, which provides

19   that a public entity is liable for the injuries caused by its employees within the scope

20   of the employment if the employee's act would subject him or her to liability.

21       62. The conduct of the Defendants was malicious, wanton, oppressive, and

22   accomplished with a conscious disregard for the rights of YANG, thereby entitling

23   Plaintiff to an award of compensatory damages, including general and special

24   damages, as well as exemplary and punitive damages.

25                    **EIGHTH CAUSE OF ACTION**

26                         **(CONVERSION)**

27                    **(Against All Defendants.)**

28       63. Plaintiff repeats and realleges each and every allegation in paragraphs 1-

                                17

62, inclusive, as though fully set forth at this point.

64. The Plaintiff had a right to possess various weapons and ammunition. Defendants WILLIAMS, HERNANDEZ, VERENZUELA, HENDERSON, PUGH, HOOD, and DOES knowingly, intentionally, and substantially interfered with the Plaintiff's ownership of his weapons and ammunition by taking possession of them, preventing the Plaintiff from having access to them, and refusing to return them to the Plaintiff.  Further, the Plaintiff did not consent to this deprivation of his property.

65.  The Plaintiff was harmed by the taking of his weapons and ammunition, by being less able and prepared to defend and protect himself and his family, as was his right under the laws of the United States and the State of California.  The Defendants by their actions were a substantial factor in causing the harm experienced by the Plaintiff.

66. Defendant TULARE is vicariously liable for the wrongful acts of its employees pursuant to §815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**NINTH CAUSE OF ACTION**

**(NEGLIGENCE)**

67. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 66 above.

68. The Defendants and each of them negligently and recklessly breached their duty to use reasonable and ordinary care in committing the actions and inactions alleged herein.  All of these negligent acts directly and proximately resulted in the injuries and damages to YANG in the following ways:

a) The unwarranted invasion of his privacy, seizure of his property, arrest, public humiliation, and necessary expenses related thereto; and

b) The failure by Defendants TULARE, BOUDREAUX and DOES to

18

1  properly hire, train, and supervise its employees.

2      c) The actions of TULARE, BOUDREAUX and DOES to promulgate and

3  perpetuate policies, both de facto and explicit, which resulted in the injuries

4  sustained by the Plaintiff.

5      69. As alleged herein, the harm to the Plaintiff was a proximate result of the

6  absence of due care for the rights of others and was done in a reckless, unlawful,

7  and/or negligent manner, and was without legal or just cause.  The Defendants,

8  either individually, or by and through their respective agents and employees,

9  directly and proximately caused pain, shock, suffering, and humiliation, and

10  financial harm to the Plaintiff.

11      70. As an actual, direct, and proximate result of the Defendants' negligence,

12  YANG was needlessly and avoidably injured.

13      71.  The Plaintiff claims damages from the Defendants for all his injuries and

14  losses already sustained and into the future.

15      72. In addition to liability for its own negligence, Defendant TULARE is

16  vicariously liable for the wrongful acts of each individual Defendant pursuant to

17  California Government Code §815.2(a), which provides that a public entity is liable

18  for the injuries caused by its employees within the scope of the employment if the

19  employee's acts would subject him or her to liability.

20  **TENTH CAUSE OF ACTION**

21  **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

22  **(Against All Defendants.)**

23      73. Plaintiff realleges and incorporates herein by reference the allegations in

24  paragraphs 1 through 72 above.

25      74. The conduct of the Defendants and each of them in committing the actions

26  set forth herein was outrageous and done with the intention of causing the

27  emotional distress that the Plaintiff did in fact experience, or with reckless disregard

28  for the probability that the Plaintiff would suffer emotional distress.

75. The Plaintiff did in fact suffer emotional distress from the actions of the Defendants including the invasion of his privacy, the wrongful seizure and conversion of his property, his arrest, the defamation of his character, his incarceration, and the need to defend himself in court.

76. The Defendants' conduct was a substantial factor in causing the Plaintiff's severe suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame beyond what an ordinary person would be able to cope with.

77. In addition to liability for its own negligence, Defendant TULARE is vicariously liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

## ELEVENTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### (Against All Defendants.)

78. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 77 above.

79. The conduct of the Defendants and each of them was negligent and was a substantial factor in causing the Plaintiff serious emotional distress which included suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

80. In addition to liability for its own negligence, Defendant TULARE is vicariously liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

## PRAYER

**WHEREFORE**, PLAINTIFF respectfully requests that this Honorable Court:

1. Award PLAINTIFF compensatory damages, including general and special damages, against Defendants, jointly and severally, for violations of federal and state law as set forth above in an amount to be proven at trial;

2. For punitive damages against all Defendants in an amount to be proven at trial sufficient to punish and deter;

2. Award Plaintiff his costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. §1988, or any other applicable statute, regulation, ordinance, or other law;

3. For costs of suit;

4. For pre-judgment interest according to law; and

5. And award such other and further relief as the court may deem just and proper.

Dated: May 21, 2021

**WILLLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**

/s/William L. Schmidt
William L. Schmidt,
Attorney for Plaintiff

Dated: May 21, 2021

**SCHWEITZER & DAVIDIAN**

/s/Eric H. Schweitzer
Eric H. Schweitzer,
Attorney for Plaintiff